### BLOCH v. PRICE and another.

(*Circuit Court, E. D. Missouri, E. D.* October 28, 1887.)

PARTNERSHIP—CONTRACTS WITH—DISSOLUTION—LIABILITY OF RETIRING PARTNER.

A commission firm in St. Louis, composed of four members, was accustomed to send "price-currents" to all shippers who had ever had dealings with it. The caption of these gave the firm name as well as the names of the individual partners. The plaintiff, who lived in Kansas, and who had made a shipment of wool in June, 1882, received these lists prior and subsequent to that date, during the season of that year, and the following seasons of 1883-84, and in June, 1885, on the fifth day of which month he made his second and last consignment. One of the partners retired from the firm in February, 1882; another the following November; and the third about a year later. The business, however, was continued under the old name, with their consent. After November, 1883, the lists sent the plaintiff no longer showed the individual names, but in all other respects were the same. The partnership was formally dissolved July 1, 1884, and on that date notices were published for three successive days in the local papers and circulars mailed to correspondents. The plaintiff did not receive a copy of the circular, nor had he any knowledge of any change in the firm when he made the shipment of June 5, 1885. *Held*, that the plaintiff was entitled to notice of the several changes in the firm; and having made the shipment in good faith and on the credit of the firm, he was entitled to a recovery against all the members for the conversion of the proceeds of its sale.

At Law.

*Mills & Flitcraft*, for plaintiff.

*Charles M. Napton*, for defendants.

THAYER, J., (*orally.*) The suit of A. Bloch against William M. Price, Stephen G. Price, Darwin W. Marmaduke, and Leslie Marmaduke is an action to recover a debt contracted by Stephen G. Price alone, while doing business in the name of Price, Marmaduke & Co. The case as respects D. W Marmaduke has been disposed of by a ruling made a few days since on his plea of former adjudication, which plea was sustained. *Ante,* 447. The facts on which the decision depends are as follows:

I state the facts as found by the court from the testimony, some of which are not controverted, while others are in dispute. The firm of Price, Marmaduke & Co. was organized in the fall of 1881, to do a general commission business in the city of St. Louis, Missouri, and was composed of the four defendants last named. D. W. Marmaduke retired from the firm in February, 1882; William M. Price retired therefrom in November, 1882; and Leslie Marmaduke withdrew in November, 1883. Notwithstanding these changes in the *personnel* of the firm, business was transacted continuously in the name of Price, Marmaduke & Co., with the consent of the retiring partners, from the fall of 1881 until August 28, 1885, when S. G. Price, who was then conducting the business on his own account, failed and made an assignment. No public notice of any change in the firm was given until July 1, 1884, when a notice was published for three successive days in two St. Louis daily papers, to the effect that on July 1, 1884, William M. Price, D. W. Marmaduke, and Leslie Marmaduke had sold out all their interest in the firm to Stephen G. Price, and that the latter would thenceforth continue the business. Circulars notifying customers of the dissolution of Price, Marmaduke & Co. were also sent out about July 1, 1884, but my conclusion is that plaintiff did not receive such notice, if in point of fact any such notice was mailed to him.

Plaintiff is a merchant residing and doing business at Minneapolis, in the state of Kansas. In July, 1881, he made a consignment of wool to the firm of William M. Price & Co., St. Louis, Missouri, with which firm defendants William M. and Stephen G. Price were then connected. Some time in June, 1882, plaintiff made a shipment of wool to Price, Marmaduke & Co., which in due course of time was sold by the consignee, and the proceeds duly accounted for. Prior to that shipment, however, and subsequently thereto, during the wool season of 1882, plaintiff received price-currents from the firm of Price, Marmaduke & Co., which purported to be issued by that firm, and in the caption described the firm as composed of William M. and S. G. Price, late of the firm of William M. Price & Co., and of Leslie Marmaduke, and D. W. Marmaduke. By means of the price-currents in question, plaintiff was advised, and at the date of the shipment in June, 1882, supposed, that all of the defendants were then members of the firm of Price, Marmaduke & Co., and he received no notice to the contrary in the course of that transaction. During the following wool seasons of 1883–84, and in June, 1885, plaintiff also received price-currents issued by and in the name of Price, Marmaduke & Co.; and was furthermore aware that certain parties residing in his vicinity had made shipments to, and had had trans-

actions with, the firm, although the plaintiff himself made no further consignments to the firm after June, 1882, until June 5, 1885.

After Leslie Marmaduke retired from the firm, in November, 1883, but not before, a change was made in the caption of the price-currents issued by Price, Marmaduke & Co. The change consisted in dropping from the caption the names of the individuals composing the firm as theretofore published, but in all other respects they were identical with those issued when the firm was first organized.

On June 5, 1885, plaintiff being then ignorant of any of the changes that had taken place in the firm of Price, Marmaduke & Co. since its organization, made a second shipment of 5,355 pounds of wool to that firm. It was sold at auction on July 31, 1885, but the proceeds had not been remitted to the plaintiff at the time of the failure of S. G. Price on August 28, 1885. The purpose of this suit is to charge all the defendants with the payment of the claim. The defendants, William M. Price and Leslie Marmaduke, contend that they are not estopped from denying their liability as partners for the proceeds of the shipment made on June 5, 1885, because, as it is claimed, plaintiff did not know that they were members of the firm, at the date of the first transaction in 1882; that he never in point of fact knew that they were connected with the firm, and consequently did not make the second shipment in 1885, on the supposition that they still continued to be members, or on their credit. In other words, they claim that no act of theirs, or laches on their part, has misled the plaintiff, or induced him to extend credit to the firm of Price, Marmaduke & Co. for the debt sued for.

The law is undoubtedly, as declared in the case of *Thompson* v. *Bank*, 111 U. S. 536, 4 Sup. Ct. Rep. 689, that a person who was not a member of a partnership at the time a debt is contracted, cannot be held therefor, except for some act of commission or omission that will estop him from asserting as against the particular creditor that he was not a partner when the debt sued for was contracted. But the contention on the part of the two defendants last named is based upon a false assumption of matter of fact. From the evidence produced on the trial of this case in the state court (when it was there pending) it may have been a fair deduction that plaintiff, when he began to deal with Price, Marmaduke & Co., did not know the names of the persons composing the firm, and never had known; but on the present trial it was shown to my entire satisfaction, by the production of one of the price-currents that had been received by the plaintiff prior to June, 1882, that at the commencement of his dealings with Price, Marmaduke & Co. he must have known, and did know, or at least have supposed, that all the defendants were then members of the firm. While it was not shown on this trial that plaintiff had any special acquaintance with either member of the firm, or knew the financial standing of either, or trusted the firm because any particular person was a member of the same, yet I do not regard such proof as essential to a recovery. When it appears that a person knows who are the members of a firm, and has had dealings with it in the course of which he has extended credit, the presumption must be, in the

absence of other proof, that he gave credit to all the persons who were known or represented to him to be partners. And, with respect to all subsequent transactions in which credit is extended to the firm, the same presumption obtains so long as the firm name remains the same, and no notice has been given to the creditor of any change in the *personnel* of the firm. In the present case, therefore, the court will presume that, when plaintiff resumed dealings with Price, Marmaduke & Co. in June, 1885, he gave credit to all the persons who had been represented to him to be members of the firm in the course of the first business transaction, although he did not expressly testify that in the last transaction he gave special credit to either William M. Price or Leslie Marmaduke.

It is further contended that plaintiff was not entitled to notice of changes in the firm of Price, Marmaduke & Co., because at the date of those changes he had only made the firm one shipment, and that not of a recent date. This is equivalent to saying that when William M. Price withdrew from the firm in November, 1882, and Leslie Marmaduke in November, 1883, the plaintiff occupied the position of a person who had never had any dealings with any member of the firm. This position the court regards as untenable. When a person has knowledge of the individuals who compose a mercantile firm, derived from business transactions with it, his right to notice of subsequent changes therein cannot be determined or measured by the number of transactions he may have had with the firm, whether one or many. The length of time that has elapsed since a person has had a transaction with a firm before any change occurs therein, may be a proper consideration affecting the question whether such person should be notified of the change. But, considering all the circumstances of the present case, it cannot be said that plaintiff's dealings with the firm in question were so remote from the time changes took place in its membership that the outgoing members were under no obligation to notify him of their withdrawal. In point of fact one of the defendants withdrew within four months after plaintiff's first shipment to the firm, and before the next shipping season. Then, again, the outgoing members knew that the old firm name was to be employed in future transactions, which in itself would be likely to create the impression that no change had taken place in the membership; they were also well aware of the practice that had been pursued of sending out price-currents to merchants and shippers like the plaintiff, who had ever had dealings with the firm, thereby inviting further consignments; and probably understood, as was the fact, that the practice would most likely continue, and that the plaintiff might be thereby encouraged to make further consignments, and to extend further credit to the firm, within a comparatively short period after their retirement.

In any view of the case, plaintiff stood in the relation of a customer of the old firm and a probable patron of those who were to succeed to its business, and in my judgment he was entitled to notice from the outgoing members of their withdrawal. As such notice was not brought home to the plaintiff, and as the evidence in my opinion warrants the conclusion that the last consignment was made on the credit of the old

firm, (plaintiff being ignorant of any change therein,) judgment will be entered against William M. Price, and against Leslie Marmaduke, as well as against the defendant Stephen G. Price. The amount of the judgment will be $810.96, with interest computed at the rate of 6 per cent. per annum from August 31, 1885, to the present date.

The record will show that the case was submitted by these defendants, and also by the defendant D. W. Marmaduke at the same time, and judgment will go in favor of D. W. Marmaduke on his plea of former adjudication, and against the other defendants.